IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–01431–EWN

In re:

VIRGINIA CASKIE-JOHNSON

JAMES C. BERGQUIST,

     Plaintiff,

v.

VIRGINIA CASKIE-JOHNSON,

     Defendant,

DUFFORD & BROWN, P.C.,

     Appellant,

v.

VIRGINIA CASKIE-JOHNSON,

     Appellee.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

     This is an appeal of an order issued by the bankruptcy court. Appellant, the law firm of Dufford & Brown, P.C. ("Appellant"), which represented Creditor James C. Bergquist ("Creditor") in bankruptcy proceedings, appeals the court's order imposing sanctions under Federal Rule of Bankruptcy Procedure 9011. Jurisdiction is based on 28 U.S.C. § 158 (2006).

## FACTS

Debtor/Appellee Virginia Caskie-Johnson ("Appellee") filed her voluntary Chapter 7 petition on August 30, 2004. (R. on Appeal [filed Aug. 15, 2006] [hereinafter "Record"], Docket No. 2 at 1 [Compl.].) On December 6, 2004, Creditor instituted an adversary proceeding, objecting to Appellee's discharge under 11 U.S.C. § 727 for allegedly: (1) making a false oath or account in her bankruptcy petition (the "section 727(a)(4)(A) claim"); and (2) failing to explain satisfactorily a loss or deficiency of assets (the "section 727(a)(5) claim"). (*Id.*) On January 4, 2005, Appellee answered the complaint. (*Id.*, Docket No. 5 [Answer].) In her answer, after addressing Creditor's factual allegations, Appellee made a one-sentence request that the court: (1) dismiss the complaint; and (2) impose sanctions on Appellant pursuant to Federal Rule of Bankruptcy Procedure 9011 for filing a "frivolous, groundless and/or vexatious" adversary proceeding.[*] (*Id.*)

On October 4, 2005, the adversary proceeding went to trial. (*Id.*, Docket No. 81 at 1 [Trial Tr.].) The court refused to deny discharge, holding that: (1) any of Appellee's misstatements or omissions were unintentional or immaterial; and (2) Appellee had adequately accounted for lost assets. (*Id.*, Docket No. 81 at 14, 16 [Trial Tr.].)

---

[*]In all aspects relevant to this opinion, Federal Rule of Bankruptcy Procedure 9011 is identical to Federal Rule of Civil Procedure 11. *Compare* Fed. R. Bankr. P. 9011 (2006), *with* Fed. R. Civ. P. 11 (2006); *see also Blagg v. Miller (In re Blagg)*, 223 B.R. 795, 805 (B.A.P. 10th Cir. 1998) (applying Rule 11 jurisprudence to sanction leveled under Rule 9011).

On October 24, 2005 — after final judgment in the matter — Appellee filed a motion requesting sanctions under Rule 9011, asserting: (1) the adversary proceeding was brought for an improper purpose (*i.e.*, to harass Appellee); and (2) the proceeding had been instituted notwithstanding an absence of facts supporting Creditor's claims. (*Id.*, Docket No. 38 at 3–4 [Mot. for Sanctions].) Once the motion was fully briefed, the bankruptcy court held a hearing and, on July 12, 2006, issued an order granting Appellee's motion and imposing a $5,000 sanction on Appellant. (*Id.*, Docket No. 53 at 1, 4 [Sanctions Order].) In making its determination, the bankruptcy court expressly considered "the Complaint and the evidence presented at trial as a whole." (*Id.*, Docket No. 53 at 3 [Sanctions Order].) The court first evaluated the complaint and trial evidence concerning the section 727(a)(5) claim, determining that "[Creditor and Appellant] should have known when [they] filed the Complaint that insufficient facts had been pled to establish a claim under [s]ection 727(a)(5) and [they] should have known that [they] had insufficient facts on which to proceed to trial." (*Id.*) The court then proceeded to consider the section 727(a)(4)(A) claim, noting "it requires a judgment call as to when there is enough evidence . . . to warrant" assertion of a claim thereunder. (*Id.*) The court declined to find Creditor initiated the proceeding for an improper purpose under Rule 9011(b)(1), but found a lack or "supervision and/or judgment" on the part of Appellant. (*Id.*) The court then found Appellant had violated Rule 9011(b)(3) by advancing Creditor's claims. (*Id.*) Appellant subsequently appealed. (Opening Br. of Appellant Dufford & Brown, P.C. [filed Oct. 26, 2006].)

**ANALYSIS**

*1.     Standard of Review*

Generally, on a bankruptcy appeal, the district court is to review the bankruptcy court's conclusions of law *de novo* and its findings of facts under a clearly erroneous standard. *See In re Hedged-Invs. Assoc., Inc.*, 380 F.3d 1292, 1297 (10th Cir. 2004); *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399 (10th Cir. 1986). However, the Tenth Circuit has extended the Supreme Court's conclusion that "an appellate court should apply an abuse-of-discretion standard in reviewing *all* aspects of a district court's Rule 11 determination" to a district court's review of a bankruptcy court's imposition of Rule 9011 sanctions. *Findlay v. Banks (In re Cascade Energy & Metals Corp.)*, 87 F.3d 1146, 1149 (10th Cir. 1996) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 [1990]) (emphasis added). "Under the abuse of discretion standard: 'a [bankruptcy] court's decision will not be disturbed unless the [district] court has a definite and firm conviction that the [bankruptcy] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 [10th Cir. 1991]). "Notably, this abuse of discretion standard does 'not preclude [] correction of a [] court's legal errors.'" *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006) (quoting *Cooter & Gell*, 496 U.S. at 402).

*2.     Analysis*

"[I]f deemed necessary to reach the correct result, an appellate court may *sua sponte* consider points not presented to the [lower] court and not even raised on appeal by any party."

*Wash. Gas Light Co. v. Va. Elec. & Power Co.*, 438 F.2d 248, 251 (4th Cir. 1971) (citing *United States v. Cont'l Can Co.*, 378 U.S. 441, 457 [1964]). Thus, courts occasionally engage issues not raised on appeal where "proper resolution is beyond doubt and the failure to address the issue would result in a miscarriage of justice." *Counts v. Kissack Water & Oil Srv., Inc.*, 986 F.2d 1322, 1325–26 (10th Cir. 1993) (citing *Gregory v. United States*, 942 F.2d 1498, 1500–01 [10th Cir. 1991]; *Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 [10th Cir. 1990]); *accord Swipes v. Kofka*, 419 F.3d 709, 717 (8th Cir. 2005) ("[An appellate court] can correct plain errors *sua sponte*."); *Molecular Tech. Corp. v. Valentine*, 925 F.2d 910, 920 (6th Cir. 1991) (citing *United States v. Atkinson*, 297 U.S. 157, 160 [1936]); *Walker Mfg. Co. v. Dickerson, Inc.*, 560 F.2d 1184, 1187 (4th Cir. 1977); *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 475 (9th Cir. 1974). Although I recognize that a court sitting in an appellate capacity should exercise its authority to raise issues *sua sponte* with the greatest restraint, I find that error below so infected subsequent proceedings and the issues briefed on appeal that the interests of justice require this court to intervene. Accordingly, I consider only whether Appellee's motion for sanctions complied with the fundament framework set forth in Federal Rule of Bankruptcy Procedure 9011(c)(1)(A).

For the reasons set forth below, I find the bankruptcy court abandoned the procedures set forth under Rule 9011(c)(1)(A), thus precluding Appellant the opportunity to avail itself of the safe harbor provision set forth therein. This clear legal error constitutes an abuse of discretion. *See Roth*, 466 F.3d at 1187. In relevant part, Rule 9011 provides:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). . . . The motion for sanctions may not be filed with or presented to the court

>   unless, within [twenty-one] days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

Fed. R. Bankr. P. 9011(c) (2006).  Below, the bankruptcy court found that these requirements had been satisfied because "[Appellee's] original answer included a specific prayer for relief, requesting fees and costs under [Rule 9011].  She has renewed this request [by filing her motion for sanctions], following the entry of judgment in her favor."  (Record, Docket No. 53 at 2 [Sanctions Order].)  Even a most strained reading of Rule 9011 cannot sustain this determination.  A request for sanctions set forth in an answer unequivocally fails to satisfy Rule 9011's requirement that a "motion for sanctions . . . shall be made *separately* from other motions or requests. . . ."  Fed. R. Bankr. P. 9011(c) (emphasis added).  Moreover, even if the request had been independently filed, it consists of nothing more than one sentence asserting that Creditor's complaint "is substantially frivolous, groundless and/or vexatious."  (Record, Docket No. 5 at 1–2 [Answer].)  This is not specificity.  Both the plain language of Rule 9011 and principles of procedural due process require more.  *See* Fed. R. Bankr. P. 9011(c) ("A motion for sanctions . . . shall describe the *specific conduct* alleged to violate subdivision (b).") (emphasis added); Fed. R. Civ. P. 11 advisory committee's note (emphasizing importance of notice and opportunity to respond to Rule 11 allegations).  Thus, Appellee's prayer for sanctions in her answer falls short of Rule 9011(c)'s fundamental requirements.

Of course, none of this would matter if Appellee's subsequent motion for sanctions had been appropriately filed.  It was not.  The motion was filed *after* the bankruptcy judge ruled on

the merits of the complaint and discharged Appellee from bankruptcy. (*See* Record, Docket No. 30 [Order: Judgment Against Creditor] [filed Oct. 5 2005], Docket No. 38 [Mot. for Sanctions] [filed Oct. 12, 2005].) The Tenth Circuit, however, has unequivocally stated that "'[s]ervice of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.'" *Roth*, 466 F.3d at 1193 (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337.2, at 727 [3d ed. 2004]); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (holding that party cannot wait until after summary judgment to move for sanctions, even if party previously warned offending party about potential Rule 11 motion). It is beyond doubt that the bankruptcy court erred in permitting Appellee to "renew" her bare-bones pretrial request for sanctions by submitting a full-blown post-trial motion.

Indeed, to permit a party to make a brief prayer for sanctions in its answer — or any other prejudgment filing — that may be "renew[ed]" by post-trial motion for sanctions would undermine Rule 9011(c)'s safe harbor. *See* Fed. R. Bankr. P. 9011(c) ("The motion for sanctions may not be filed with or presented to the court unless, within [twenty-one] days after service of the motion . . ., the challenged [conduct] is not withdrawn or appropriately corrected."). If permitted to stand, the bankruptcy court's ruling would encourage litigants to slip a seemingly inconsequential sanctions request into a filing and then, if the case were to proceed to trial and if trial were to go particularly well for one side, the prevailing party would be free to then ambush the losing party with a sanctions motion colored in the most favorable light of hindsight. Such a

course would subvert the policies behind the safe harbor provision: (1) to protect litigants from sanctions whenever possible in order to mitigate Rule 9011's chilling effect; (2) to formalize procedural due process considerations such as notice; and (3) to encourage withdrawal of papers that violate the rule without involvement of the trial court, thereby streamlining the litigation process. *See* WRIGHT AND MILLER, *supra*, § 1337.2, at 722. With such weighty considerations in mind, I find the bankruptcy court abused its discretion by entertaining an untimely motion for sanctions. *See Roth*, 466 F.3d at 1193. The interests of justice require this court's intercession.

That being said, however, this court cannot determine whether the bankruptcy court would have entertained imposing sanctions absent a motion by Appellee. The bankruptcy court has the authority to initiate sanctions proceedings of its own accord under Rule 9011(c)(1)(B), which authorizes a bankruptcy court to enter a show-cause order to which an offending party may respond. Fed. R. Bankr. P. 9011(c)(1)(B). Since the safe harbor provision does not apply to sanctions proceedings initiated *sua sponte*, it might be argued that the rationale espoused in *Roth* would not apply thereto. *See id.* 9011(c)(1)(A); *Roth*, 466 F.3d at 1193; *but see Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761, 767 (4th Cir. 2003) (vacating court-initiated sanctions order because it was decided months after judgment and because of procedural failings). Accordingly, the bankruptcy court's order imposing sanctions is reversed, and the cause is remanded for a determination whether the sanctions might otherwise be imposed.

*3.     Conclusion*

Based on the foregoing it is therefore

ORDERED that the bankruptcy court's decision is REVERSED and REMANDED for additional proceedings consistent with this opinion.

Dated this 13th day of February, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge